UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel Paugstat,

    Plaintiff,

v.

Pepperidge Farm, Incorporated,

    Defendant.

Case No. 1:20-cv-00508

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on Daniel Paugstat's Motion to Dismiss the Counterclaim. (Doc. 17). Pepperidge Farm, Incorporated ("Pepperidge Farm") filed a Response in Opposition (Doc. 19), Paugstat filed a Reply (Doc. 21), and the Court permitted Pepperidge Farm to file a Sur-Reply (Doc. 27).

### I. BACKGROUND

Paugstat filed a collective and class action Complaint asserting claims for violations of the Fair Labor Standards Act ("FLSA") and Ohio's overtime compensation statute. (Doc. 1). The Complaint alleges that Pepperidge Farm has employed Paugstat as a Sales Development Associate since March 2007. (*Id.* ¶ 12). The Complaint also alleges that Pepperidge Farm misclassifies Paugstat as an independent contractor and consequently fails to pay Paugstat overtime in violation of the FLSA and Ohio law. (Doc. 1).

Pepperidge Farm filed an answer stating that Paugstat is an independent contractor and has been since March 2007. (Doc. 14 ¶ 12 PageID 94). Pepperidge Farm also filed a declaratory judgment counterclaim seeking a declaratory judgment that the

parties' Consignment Agreement is rescinded and voided, for lack of an essential element, if the Court holds that Pepperidge Farm misclassified Paugstat as an independent contractor.[1] (*Id.* ¶¶ 1-15 PageID 116-120); (Doc. 19 PageID 178). Stated otherwise, "Pepperidge Farm requests a judicial determination, contingent on P[augstat] prevailing on his misclassification claims, of the continuing validity of the parties' contract." (Doc. 19 PageID 166); *accord* (*id.* PageID 172, 183); (Doc. 27 PageID 240).

Paugstat filed a Motion to Dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction or, alternatively, pursuant to Rule 12(b)(6) arguing that the counterclaim improperly seeks to circumvent the FLSA's requirements. (Docs. 17, 21). In response, Pepperidge Farm clarifies that, by filing the counterclaim, the company does not seek to retain the value of Paugstat's distributorship investment under the Consignment Agreement, and argues that this Court's jurisdiction is present and proper, and its declaratory judgment counterclaim is actionable. (Docs. 19, 27).

## II. ANALYSIS

As an initial matter, to the extent that the parties dispute the timeliness of Paugstat's Motion to Dismiss the Counterclaim, the Court will consider the merits of the Motion to Dismiss. *See Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 407 n.4 (6th Cir. 2019) ("The Federal Rules of Civil Procedure 'evidence a clear preference to resolve disputes on their merits.'") (quoting *Hawkins v. Washington Metro. Area Transit Auth.,* 311 F. Supp. 3d 94, 102 (D.D.C. 2018)); *compare* (Doc. 19 PageID 169-70) (arguing that the Court should deny Paugstat's Motion to Dismiss as he

---

[1] Paugstat's and Pepperidge Farm's Consignment Agreement states, *inter alia*, that "[Paugstat] is a self-employed independent businessman, not an agent or employee of [Pepperidge Farm]" and "[t]he independent contractor relationship between [Pepperidge Farm] and [Paugstat] is an essential element of this Agreement." (Doc. 14-1 § 15 PageID 126).

2

filed the motion seven days late), *with* (Doc. 21 PageID 197-99) (arguing that Paugstat's Motion to Dismiss is timely and, even if it is untimely, the Court should consider the merits thereof at this stage in the litigation).

The Court will address Paugstat's jurisdictional argument first. Paugstat contends that the Court should dismiss Pepperidge Farm's declaratory judgment counterclaim for lack of subject matter jurisdiction because the counterclaim is not ripe. (Doc. 17 PageID 138). Pepperidge Farm argues that the Court should deem this ripeness argument waived or, in the alternative, that the counterclaim is ripe. (Doc. 19 PageID 179 n.5). The Court will consider the merits of Paugstat's ripeness argument, as a party cannot waive a defect in the Court's jurisdiction.

Rule 12(b)(1) permits the court to dismiss a case for lack of subject matter jurisdiction, and "[t]he doctrine of ripeness is a jurisdictional limitation on federal courts." *Charlton-Perkins v. Univ. of Cincinnati*, No. 1:20-CV-179, 2021 WL 3737910, at *2 (S.D. Ohio Aug. 24, 2021) (citing *Golf Vill. N., LLC v. City of Powell, Ohio*, 338 F. Supp. 3d 700, 705 (S.D. Ohio 2018)); *accord* FED. R. CIV. P. 12(b)(1). "The Constitution does not extend the 'judicial power' to any legal question, wherever and however presented." *Perkins*, 2021 WL 3737910, at *3 (quoting *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008)). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations omitted) (internal quotation marks omitted). "To determine whether a case is ripe for judicial resolution, the Court generally asks two questions: (1) is the dispute fit for a judicial decision in the sense that it arises in a 'concrete factual context' and involves 'a dispute that is likely to come to pass'; and

(2) what is the hardship to the claimant if the federal court withholds consideration?" *Golf Vill. N., LLC*, 338 F. Supp. 3d at 705 (quoting *Warshak*, 532 F.3d at 525); see *Abbott Laboratories v. Gardner*, 387 U.S. 138, 149 (1967);[2] *Perkins*, 2021 WL 3737910, at *4.

Pepperidge Farm's declaratory judgment counterclaim is contingent on a future event, *i.e.*, Paugstat prevailing on his FLSA and Ohio overtime claims. Paugstat has not yet prevailed, and he might not do so.[3] The declaratory judgment counterclaim, and injury alleged therein, is hypothetical and contingent, and it is not clear if it will likely come to pass. *See Golf Vill. N., LLC*, 338 F. Supp. 3d at 705. Additionally, Pepperidge Farm has not articulated a hardship that it "would suffer from the Court withholding consideration of the counterclaim until after the Court resolves the FLSA employee/employer issue." *Ortiz v. Pin Ups of Daytona Beach, LLC,* No. 6:19-cv-1644-Orl-37LRH, 2020 WL 10456855, at *6 (M.D. Fla. Mar. 18, 2020) (holding the defendants' declaratory judgment counterclaim, to the plaintiff's FLSA claim, was not ripe because the defendants expressly predicated their declaratory judgment claim on the success of the plaintiff's FLSA claims).

The Court finds that Pepperidge Farm's declaratory judgment counterclaim is not ripe, as the dispute is not yet concrete and there is no hardship to Pepperidge Farm if the Court withholds consideration of the declaratory judgment counterclaim at issue. *See Golf Vill. N., LLC*, 338 F. Supp. 3d at 705; *Ortiz,* 2020 WL 10456855, at *6. The Court will

---

[2] Unlike the United States Court of Appeals for the Ninth Circuit, the United States Court of Appeals for the Sixth Circuit has not held that the prudential ripeness analysis introduced in *Abbott Laboratories* does not apply to private contract disputes. *See Rivas v. Coverall N. Am., Inc.*, No. SACV 181007 JGB (KKx), 2019 WL 6332245, at *3 n.2 (C.D. Cal. July 12, 2019).

[3] To be clear, in noting that Paugstat might not prevail, the Court makes no comment on the merits of Paugstat's FLSA and Ohio law claims and this should not be interpreted as such.

dismiss Pepperidge Farm's declaratory judgment counterclaim without prejudice,[4] and Pepperidge Farm may refile the counterclaim if the Court finds that Paugstat is an employee for FLSA and Ohio law purposes. *See Ortiz,* 2020 WL 10456855, at *6.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Paugstat's Motion to Dismiss the Counterclaim (Doc. 17) is **GRANTED**.

**IT IS SO ORDERED.**

/s Michael R. Barrett
Michael R. Barrett, Judge
United States District Court

---

[4] In light of this holding, the Court need not discuss the parties' remaining arguments regarding the Court's jurisdiction or Rule 12(b)(6).